UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE MASON,<br><br>    Plaintiff,<br><br>v.<br><br>PRESBYTERY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-04397-EDL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Plaintiff Caroline Mason filed her complaint and Application to Proceed In Forma Pauperis on September 30, 2014. On October 3, 2014, the Court granted Plaintiff's Application to Proceed In Forma Pauperis. On October 20, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] For the reasons set forth below, the Court dismisses Plaintiff's complaint with leave to amend.

    Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted. Here, the Court is unable to discern a basis for federal subject matter jurisdiction in this case. Plaintiff states in her complaint that jurisdiction is based on 28 U.S.C. § 1985(3). However,

> The language [of Section 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the

---

[1] To the extent that this order is arguably dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

> equal enjoyment of rights secured by the law to all.

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (emphasis in original; footnotes omitted). Here, Plaintiff has not alleged that Defendants were motivated by an invidiously discriminatory purpose. Also, a claim for violation of Section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (stating that a mere allegation of conspiracy is insufficient to state a claim). Here, Plaintiff summarily alleges that there was a conspiracy, but she has not made allegations that identify, for example, "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of ... constitutional rights." Harris v. Roderick, 126 F.3d 1189, 1195-96 (9th Cir. 1997) (stating that conspiracy claims are subject to a "heightened pleading standard."). Further, the complaint does not allege specific acts showing an agreement or meeting of the minds to deprive Plaintiff of her constitutional rights. See Committee for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F.Supp.2d 1177, 1204 (N.D. Cal. 2009).

Moreover, Plaintiff appears to have filed her complaint in this Court because she is dissatisfied with the results of her two prior state court actions that appear to have arisen under the same facts as alleged in this case. "As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings." Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995). This legal theory precludes federal adjudication of a claim that "amounts to nothing more than an impermissible collateral attack on prior state court decisions." Id. (citing MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987)). The doctrine also precludes constitutional claims that are "inextricably intertwined" with the forbidden appeal. See Noel v. Hall, 341 F.3d 1148, 1157 (9th Cir. 2003). Thus, the Court lacks jurisdiction over Plaintiff's case to the extent it is an appeal of the state court rulings.

Because Plaintiff is proceeding pro se, the Court will give her an opportunity to amend her complaint to comply with the federal jurisdictional requirements. Any amended complaint shall be filed no later than November 15, 2014.

Plaintiff sent a letter to the Court dated October 14, 2014. The Court is returning this letter to Plaintiff as it contains information about Plaintiff's conference with the Legal Help Center, a

free service of the Volunteer Legal Services Program, which could be protected by the attorney-client privilege. Plaintiff may wish to seek additional assistance from the Legal Help Center based on this Order by calling (415)782-8982 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. The Court also urges Plaintiff to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: Oct 28, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge