UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLINE MASON,

    Plaintiff,

v.

PRESBYTERY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 14-cv-04397-EDL

**ORDER DISMISSING CASE**

Plaintiff Caroline Mason filed her complaint and Application to Proceed In Forma Pauperis on September 30, 2014. On October 3, 2014, the Court granted Plaintiff's Application to Proceed In Forma Pauperis. On October 20, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] On October 29, 2014, the Court dismissed Plaintiff's complaint with leave to amend. On November 14, 2014, Plaintiff timely filed an amended complaint. Plaintiff's amended complaint alleges civil rights claims and state law claims against Defendants Presbytery of San Francisco and Synod of the Pacific, as well as against Defendants California Court of Appeals Justice Mark Simons and Alameda County Superior Court Judge Stephen Kaus. For the reasons set forth below, the Court dismisses Plaintiff's complaint without leave to amend.

Plaintiff has asserted civil rights claims under 42 U.S.C. § 1983, et seq., against

---

[1] The Court does not require the consent of Defendants to dismiss this case because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

Defendants Presbytery of San Francisco and Synod of the Pacific, which are private religious organizations. Because section 1983 is "directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). Thus, civil rights claims brought pursuant to 28 U.S.C. § 1983, et seq., do not stand against private organizations absent some showing that their conduct is intertwined with state action. See Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, 295 (2001) ("We say that state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (internal citation omitted). Plaintiff has made no allegations that these private organizations are connected at all with the state. Therefore, Plaintiff's civil rights claims against these Defendants are dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims against these Defendants. See 28 U.S.C. § 1367(c).

Plaintiff has also brought federal statutory claims and civil rights claims against a state trial court judge and a state appellate court judge, arguing that those judges erred in ruling in her prior state court actions. Judges, however, are entitled to broad judicial immunity for their official conduct. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) ("Anglo–American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.' This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (internal citations omitted); Soliz v. Williams, 74 Cal.App.4th 577, 585-86 (1999) ("'It is well established judges are granted immunity from civil suit in the exercise of their judicial functions. This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly.'") (internal citations omitted). Plaintiff has not alleged any conduct by these judges that would be outside of the protection of judicial immunity. Therefore, Plaintiff's claims against Justice Simons and Judge Kaus are dismissed.

Accordingly, Plaintiff's complaint is dismissed without leave to amend. The clerk shall

2

1  close the file.

2  **IT IS SO ORDERED.**

3  Dated: Nov 25, 2014

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge